UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LENARD A. JACKSON,

    Petitioner,

v.                                                  CASE NO. 6:12-cv-733-Orl-31TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Although Petitioner was given an opportunity to file a reply, he did not do so.

Petitioner alleges six claims for relief in his habeas petition. As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

I.    *Procedural History*

Petitioner was charged with home invasion robbery with a weapon (count one), three counts of sexual battery with a deadly weapon or physical force (counts two, five,

and six), burglary with an assault or battery (count three), and kidnapping (count four) (App. A, I at 95). After a jury trial, Petitioner was convicted as charged (App. A, IV at 441). The trial court set aside the verdict for count one, and sentenced Petitioner to five concurrent terms of life imprisonment for the remaining counts (App. A, IV at 444-57). Petitioner appealed, and on March 17, 2009, the Fifth District Court of Appeal affirmed *per curiam* (App. D).

On January 8, 2010,[1] Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (App. F). The trial court issued an order finding one claim facially insufficient and giving Petitioner additional time to file an amended Rule 3.850 motion (App. G). After Petitioner filed an amended Rule 3.850 motion, the trial court summarily denied his claims (App. K). On February 8, 2011, the Fifth District Court of Appeal *per curiam* affirmed the lower court's summary denial (App. P). The mandate was issued on March 24, 2011 (App. S).

Petitioner subsequently filed a petition for writ of habeas corpus with the Fifth District Court of Appeal on May 5, 2011 (App. T). On September 1, 2011, the appellate court denied the petition without discussion (App. U). Petitioner filed his federal habeas

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

petition on May 9, 2012 (Doc. No. 1).²

## II. *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

---

²The Court notes that Petitioner previously filed a federal habeas petition on February 6, 2012. *See* Case No. 6:12-cv-216-Orl-28KRS. However, that action was dismissed without prejudice on March 14, 2012, and did not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding "an application for federal habeas corpus review is not an application for State post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2)."); *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its affirmance of Petitioner's conviction and sentence on March 17, 2009. Petitioner then had ninety days, or through June 15, 2009, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13(3). Thus, under § 2244(d)(1)(A), the judgment of conviction became final on June 15, 2009, and Petitioner had through June 15, 2010, absent any tolling, to file a federal habeas petition.

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.850 motion on January 8, 2010. A total of 207 days of the one-year limitations period elapsed before Petitioner filed this motion. The time for filing a federal habeas petition was tolled from January 8, 2010, through March 24, 2011, the date the mandate issued on appeal. Petitioner had 158 days remaining of the one-year limitations period, or until August 29, 2011, in which to file his federal habeas petition.

Petitioner also filed a petition for writ of habeas corpus with the state appellate court on May 5, 2011. A total of 42 days of the limitations period elapsed before this petition was filed. The time for filing a federal habeas petition was further tolled from May 5, 2011, through September 1, 2011. Petitioner had 116 days remaining of the limitations period, or until December 26, 2011, to file his federal petition. The instant federal habeas petition, filed on May 9, 2012, is untimely filed.

### III. *Equitable Tolling*

To overcome his untimely filing, Petitioner alleges that he was denied access to the law library at Jackson Correctional Institution because the facility was on "lock down" from November 15, 2011, through December 4, 2011, following a prisoner riot (Doc. No. 1 at 26). Petitioner maintains that the lack of access to the law library prevented him from timely filing his federal habeas petition. *Id.*

Petitioner's assertions are essentially that he diligently pursued his rights but the delay in his filing of a federal habeas petition was caused by a "state created impediment." The Supreme Court of the United States held, in *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), that a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has not demonstrated that he is entitled to equitable tolling. Federal courts have recognized that the denial of access to legal papers and the law library do not constitute extraordinary circumstances. *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007). The Court concludes that no external force or impediment thwarted Petitioner from timely filing his federal habeas petition. The one-year limitations period expired on December 26, 2011, and Petitioner's untimely habeas petition must be denied.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### III. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Lenard A. Jackson (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 22nd day of July, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 7/22
Counsel of Record
Lenard A. Jackson